UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA KOUTSOUKOS,

        Plaintiff,                             Hon. Robert J. Jonker

v.                                              Case No. 1:18-cv-249

CASE CREDIT UNION,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 64). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter terminated.

**BACKGROUND**

Plaintiff initiated this action on March 9, 2018, against Case Credit Union alleging various federal and state law clams. In her complaint, Plaintiff alleges the following. (ECF No. 1). On July 6, 2015, Plaintiff was placed on a temporary work assignment for Case Credit Union (Case) as an executive assistant. On November 23, 2015, Plaintiff accepted an offer of full-time employment with Case. Plaintiff's employment with Case was terminated on December 12, 2016. During her tenure with Case, Plaintiff endured numerous inappropriate comments many of which were sexually suggestive. Plaintiff alleges that she suffered employment discrimination in violation of Title VII of the Civil

Rights Act of 1964, as well as numerous violations of Michigan law. Defendant Case now moves for summary judgment. Plaintiff has responded to the present motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate

-3-

when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

I. Title VII

A plaintiff must satisfy two prerequisites before bringing a Title VII action in federal court. She must first file a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) and receive a right-to-sue letter from the EEOC. *See, e.g., White v. Northern Michigan Regional Hospital*, 698 F.Supp.2d 950, 957-58 (W.D. Mich. 2010). She must then initiate her action in federal court within ninety days of receiving a right-to-sue letter from the EEOC. *See Lockhart v. Holiday Inn Express Southwind*, 531 Fed. Appx. 544, (6th Cir., July 29, 2013).

Failure by a plaintiff to timely initiate action in federal court does not deprive the court of jurisdiction. *See Seay v. Tennessee Valley Authority*, 339 F.3d 454, 469 (6th Cir. 2003). Nevertheless, the timeliness requirement is "strictly enforced." *Graham-Humphreys*, 209 F.3d at 557. As the Supreme Court has observed, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). Rather, "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Ibid.*

On July 3, 2017, Plaintiff filed a Charge of Discrimination with the EEOC. (ECF No. 65-14 at PageID.861). Plaintiff alleged that she "was sexually harassed and discharged on December 12, 2016[,] due to [her] sex and in retaliation for filing complaints of discrimination."[1] (*Id.*). On December 5, 2017, the EEOC, unable to substantiate Plaintiff's allegations, closed its investigation of Plaintiff's complaint. (ECF No. 65-15 at PageID.863-64). The notice the EEOC provided to Plaintiff expressly informed her that, "[i]n order to pursue this matter further, you must file a lawsuit against [Case Credit Union] **within 90 days of the date you *receive* this Notice**." (ECF No. 65-15 at PageID.864).

There exists a rebuttable presumption that a claimant received the right to sue letter within five days of the EEOC mailing of such to the claimant. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). This presumption does not apply, however, where the evidence reveals that the plaintiff received the EEOC's right to sue letter prior to the expiration of this five-day period. *See, e.g., Brown v. United Health Group – Optum Division*, 2017 WL 6947863 at *4 (E.D. Mich., Dec. 7, 2017). Plaintiff conceded during her deposition that she received the EEOC's right-to-sue letter on December 6, 2017. (ECF No. 65-3 at PageID.691). Thus, the presumption has been overcome in the present circumstance and Plaintiff was

---

[1] Plaintiff's reference to other "complaints of discrimination" appears to be to complaints she made to various Case Credit Union representatives during the course of her employment. There is neither evidence nor allegation that Plaintiff submitted to the EEOC any other complaint regarding the allegations giving rise to this action.

required to file legal action against Defendant no later than March 6, 2018. Plaintiff did not initiate the present action, however, until March 9, 2018.

While Plaintiff failed to timely initiate her Title VII claims in this Court, she can nevertheless avoid dismissal of these claims on statute of limitation grounds if she demonstrates that she is entitled to equitable tolling. The Supreme Court has observed, however, that equitable tolling is to be applied "sparingly." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).

When assessing whether equitable tolling applies, the Court must consider the following factors, none of which are dispositive: (1) the lack of notice of the filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *See Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007). Plaintiff bears the burden to demonstrate that affording her the benefit of equitable tolling is appropriate. *See, e.g., Morris v. Russellville Independent Board of Education*, 2019 WL 1779583 at *4 (W.D. Ky., Apr. 23, 2019) (collecting cases). Examination of the relevant factors compels the conclusion that Plaintiff is not entitled to equitable tolling.

The right-to-sue letter Plaintiff received from the EEOC expressly informed her of the ninety-day window within which to initiate legal action. Thus, Plaintiff cannot claim ignorance of the applicable deadline. Plaintiff presents no argument that she has acted diligently or reasonably in this matter. In fact, Plaintiff presents absolutely no

argument that she is entitled to equitable tolling. Having failed to meet her burden, Plaintiff is not entitled to the benefit of equitable tolling in this matter. Accordingly, Defendant is entitled to summary judgment with respect to Plaintiff's Title VII claims.

II.  State Law Claims

In addition to her Title VII claims, Plaintiff asserts numerous state law claims. Defendant argues that Plaintiff's state law claims must be dismissed for failure to state a claim, and because Plaintiff has failed to identify evidence to defeat summary judgment. The Court need not address this latter argument given the patent deficiencies in Plaintiff's complaint.

A motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000). A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court subsequently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts

that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

With respect to Plaintiff's state law claims, Plaintiff's complaint consists of nothing but legal conclusions. Plaintiff has failed to allege facts sufficient to state a claim as to any of her alleged state law causes of action. Accordingly, the undersigned recommends that Plaintiff's state law claims be dismissed with prejudice for failure to state a claim. In the alternative, the undersigned recommends that Plaintiff's state law claims be dismissed without prejudice so that Plaintiff may pursue them in the appropriate state forum. *See* 28 U.S.C. § 1367(c)(3) (the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims

over which it has original jurisdiction"); *see also*, *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)) ("if the federal claims are dismissed before trial. . .the state claims should be dismissed as well").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 64), be granted and this matter terminated.

Dated: October 11, 2019              /s/ Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).