UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MARIA KOUTSOUKOS,

      Plaintiff,

                                Case No. 1:18-cv-249

v.

                                Hon. Robert J. Jonker

CASE Credit Union,               Magistrate Judge Phillip J. Green

      Defendant.

---

| | |
|---|---|
| Maria Koutsoukos | JACKSON LEWIS P.C. |
| Plaintiff *In Pro Per* | Marlo Johnson Roebuck (P65640) |
| PO Box 10008 | Linda L. Ryan (P67686) |
| Lansing, MI  48901 | Attorneys for Defendant |
| (517) 348-5122 | 2000 Town Center, Suite 1650 |
| | Southfield, MI  48075 |
| | (248) 936-1900 |
| | roebuckm@jacksonlewis.com |
| | linda.ryan@jacksonlewis.com |

---

**<u>DEFENDANT, CASE CREDIT UNION'S BRIEF IN SUPPORT OF ITS MOTION TO TAX COSTS AND  AWARD SANCTIONS PURSUANT TO THIS COURT'S ORDER GRANTING IN PART DEFENDANT'S MOTION TO SHOW CAUSE (ECF NO. 44)</u>**

On November 5, 2019, the Court granted CASE CU's Motion for Summary Judgment and entered its final judgment in its favor.  (ECF No. 75, PageID. 1406; ECF No. 76, PageID. 1407.)  Federal Rule of Civil Procedure 54(d)(1) provides that "costs – other than attorneys' fees – should be allowed to the prevailing party."  FED. R. CIV. P. 54(d)(1).  The costs that may be taxed are specified in 28 U.S.C. § 1920; *see also BDT Products, Inc. v. Lexmark Int'l, Inc.* 405 F.3d 415, 417 (6th Cir. 2005).  The Court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs.  *Id.*  CASE CU has incurred costs as a result of defending against Plaintiff's claims, for which they should be reimbursed.  A copy of the Bill of Costs and supporting documents are attached as Exhibits A and (1)-(4).  In particular, CASE CU seeks to recover costs incurred in this matter related to the cost of Plaintiff's deposition, independent medical examination, costs related to the issuance of subpoenas and obtaining related documents which were necessary to CASE CUs defense of this matter.  Additionally, CASE CU seeks  the outstanding sanctions previously awarded it as a result of Plaintiff's repeated defiance of this Court's Orders. (ECF No. 44, PageID. 497.)  Out of an abundance of caution, this Motion and Brief are being filed in addition to CASE CU's Bill of Costs to address the unresolved Order granting in part Defendant's Motion to Show Cause and awarding sanctions to CASE CU.  (*Id.*)

A.      **Deposition Costs**

The general costs statute, 28 U.S.C. § 1920, permits recovery of depositions costs "necessarily obtained for use in the case."  28 U.S.C. § 1920(2) and (4); *see also City of Sterling Heights v. United Nat'l Ins. Co.*, 2008 U.S. Dist. LEXIS 26990 , * 8-9, No. 03-72773, 2007 U.S. Dist. LEXIS 26990, (E.D. Mich. Apr. 3, 2008) ("Generally, costs incurred in connection with taking depositions 'reasonably necessary for the litigation are allowed to the prevailing party.'")

(internal quotations and citation omitted).  Here, CASE CU is entitled to recover its costs in the amount of $1,523.55 in obtaining the deposition transcript of Plaintiff.  (See Exhibit A(1).) This includes the costs CASE CU incurred in obtaining a court reporter to transcribe the deposition of Plaintiff.  The deposition transcript of Plaintiff was cited and relied on by Defendants' in their respective Briefs in Support of their Motions for Summary Judgment.  Thus, there is no question that this deposition was necessary to Defendants' defense of Plaintiff's claims and are, therefore, recoverable under 28 U.S.C. § 1920.

**B.**      **Subpoena Costs**

Likewise, 28 U.S.C. § 1920(4) permits recovery of fees for "copies of papers necessarily obtained for use in the case."  Recoverable costs in this regard include "costs for photocopying documents necessary for maintenance of the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration." *Falor v. Livingston County Community Mental Health,* 2003 U.S. Dist. LEXIS 24501 *5 (W.D. Mich. 2003) (quoting *Jordan v. Vercoe,* 1992 U.S. App. LEXIS 10823, No. 91-1671 at *1 (6th Cir. May 7, 1992)). Here, CASE CU is entitled to recover its costs in the amount of $104.25 pursuant to subpoenas issued to obtain Plaintiff's relevant medical and other records to defend itself against her claims. (Exhibit A(2).)  These documents were used by CASE CU during Plaintiff's deposition and were cited and relied on by CASE CU in numerous Briefs, including its Briefs in Support of CASE CU's Motions for an Independent Medical Examination, to Compel; to Show Cause; to Dismiss; and finally, its Motion for Summary Judgment.  Thus, there is no question that these copies were necessary to CASE CU's defense of Plaintiff's claims and are, therefore, recoverable under 28 U.S.C. § 1920(4).

### C. Independent Medical Examination

28 U.S.C. §1920 permits the recovery of the costs of medical experts necessary for the litigation. *See Blackward v. Tokyo Seat. Co.*, 1986 U.S. Dist. LEXIS 30962 (E.D. Mich. 1986); *Neely v. General Electric Co.*, 90 F.R.D.627, 630 (N. Ga. 1986). Here, Plaintiff had filed several previous lawsuits (including one in this very Court) which alleged nearly identical causes of action. CASE CU sought an independent medication of Plaintiff after reviewing the unusual allegations raised by Plaintiff, including allegations that she was under surveillance by CASE CU employees, and after confirming that the claims which she asserted against CASE CU's agents, employees and officers bore substantial similarity to her many previous lawsuits. The results of this examination were used in CASE CU's Motion to Dismiss as well as in its Motion for Summary Judgment. CASE CU was billed $3,000.00 to obtain the independent medical examination of Plaintiff. (See Exhibit A(3).)

### D. Sanctions Awarded to Defendant

Due to Plaintiff's repeated failure to comply with this Court's Orders, on April 18, 2019, this Court granted CASE CU's Motion to Show Cause in part and granted its requests for sanctions. (ECF No. 44, PageID. 497.) CASE CU was ordered to file a Petition for Reasonable Costs within 14 days, to which plaintiff was given 14 days to object. (*Id*.) The Court further warned Plaintiff that "***failure to object would result in waiver of all issues***." (*Id.* Emphasis in original.) CASE CU timely filed its Petition for Reasonable costs seeking $3,690.00. (ECF No. 45; Exhibit A(4).) Plaintiff failed to object; therefore, she has waived this issue and CASE CU is entitled to its costs incurred in filing its Motion to Show Cause. Moreover, CASE CU is just the latest of Plaintiff's employers who have been subjected to baseless and frivolous litigation. Plaintiff has never borne the costs of such litigation herself. Rather, the costs of each of

Plaintiff's meritless claims has been borne entirely by her hapless employers which ultimately fell victim to such litigation.  Such a result is unjust and unwarranted and continues to encourage such claims.

WHEREFORE, for the reasons stated, Defendant, CASE CU requests that the Court enter judgment in favor of Defendant and against Plaintiff for $8,317.80, which represents the recoverable costs Defendant incurred in its defense of Plaintiff's lawsuit.

Respectfully submitted,

JACKSON LEWIS P.C.

By:  /s/ Linda L. Ryan
Marlo Johnson Roebuck (P65640)
Linda L. Ryan (P67686)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI  48075
(248) 936-1900
roebuckm@jacksonlewis.com
linda.ryan@jacksonlewis.com

Dated:  November 19, 2019

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 19, 2019, she caused to be served by United States Postal Service the foregoing pleading to the following non-ECF participant:  Maria Koutsoukos, P.O. Box 10008, Lansing, MI  48901; and via e-Mail: mrktsks@yahoo.com.

/s/ Linda L. Ryan
Linda L. Ryan (P67686)

4851-2135-8765, v. 1

5